Matthias, J.
 

 The writer of this opinion entertains the view that the notice of appeal from the Board of Tax Appeals to this court does not comply with the requirement specified in Section 5611-2, General Code, that ‘ ‘ such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from”; and therefore that the general provision of Section 12223-5, General Code, which reads, “the notice of appeal shall designate the order, judgment, or decree appealed
 
 *32
 
 from,” has no application to this proceeding.
 

 However, the majority of the court having ruled against the motion to dismiss the appeal, we proceed to a consideration of the case on its merits.
 

 The sole question presented is whether milk sold through the vending machines of the vendor was sold for human consumption off the premises where sold and such sales are therefore nontaxable, as decided by the Board of Tax Appeals.
 

 The vendor owns and operates his business in the name of “Cedar Hill Farms” and in that name conducts a dairy. He installed and maintained vending machines in the plants of The Wright Aeronautical Corporation in Lockland and the William Powell Valve Company in Cincinnati, which vending machines were patronized by the employees of those companies. The vendor had no right of control and exercised no control over any of the premises of either company. He had only the right of ingress and egress to service the vending machines by placing therein milk in containers and removing therefrom the coins inserted by purchasers.
 

 Whether the sales involved herein are taxable turns upon the construction of Section 12 of Article XII of the state Constitution, which provides that “on and after November 11,1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold.”
 

 What is meant by the term “premises where sold”? Does it include the entire building, whether large or small, where sales of food products are consummated, and if sales are made anywhere within an enclosure does such entire enclosure constitute the “premises”; or is it the limited portion of a building, structure or enclosure which is in the actual possession or under
 
 *33
 
 the actual control of the vendor which constitutes the “premises where sold”?
 

 The contention of the appellant is that the meaning first above ascribed, referred to as the “metes and bounds ’ ’ theory, is correct. If that meaning be adopted then the entire building, in which the vending machine is located at the particular time the sales are made, is the “premises.” The vendor contends that the meaning last above ascribed, which is referred to as the “control” theory, is correct.
 

 It is well settled that in the interpretation of an amendment to the Constitution the object of the people in adopting it should be ascertained and given effect and that the polestar in the construction of constitutional, as well as legislative, provisions is the intention of the makers and adopters thereof. 8 Ohio Jurisprudence, 135, 153, Sections 36, 56.
 

 What was the purpose of the constitutional amendment? It has been urged by the appellant that the argument advanced by the committee, appointed to sponsor the amendment, shows that it was to “repeal the sales tax on food for
 
 HOME
 
 CONSUMPTIONHowever, we find the further statement in the argument, that “food is the greatest necessity of life. A special tax on food is the most unjust and obnoxious that could be levied.”
 

 It seems perfectly clear that in the framing and adoption of the proposed amendment there was no purpose to impose the tax upon the sales of any food, which, .under the law then in effect, were exempted from such tax.
 

 Under the law then in effect the sale of fluid milk for consumption off the premises of the vendor and of bread in loaf form were not taxable. The constitutional amendment under consideration providing for
 
 *34
 
 the exemption of food from taxation was’initiated by petition, and there can be no donbt that the proponents, when they sponsored, and the people, when they adopted, such constitutional amendment, sought to broaden and extend the freedom of sales of food from taxation and not in'any respect to limit or narrow any exemption then existing. The manifest purpose was to remove a tax, not to impose a tax. The particular purpose of the amendment seems to have been to tax only sales of food which is sold and served in restaurants or other similar places under the control of the vendor.
 

 If the so-called “metes and bounds” theory, contended for by the appellant, is to be applied, then sales of milk and bread delivered at the door of the consumer will be taxable, for such sales would be for consumption on the premises where sold. Likewise sales by retail grocers who make deliveries to the premises of the purchasers would also be subject to the tax, for those sales too are completed and consummated on the premises of the purchaser and would be sales of food for consumption on the premises where sold. ■
 

 It is to be observed also that under the “metes and bounds” theory, sales of food to the tenants of an apartment building wherein the vendor’s store is located would be subject to the tax, for such sales of food would be for consumption within the boundary of the premises where the sales are made, as would also sales of food at a booth located on land used as a trailer camp to customers then living in the trailers parked within the enclosure.
 

 In the instant case, the packaged milk was purchased for consumption off and away from the premises under the control of the vendor. The record dis
 
 *35
 
 closes that such milk was never consumed at a vending machine but always away from it, and that in at least one of the plants named a rule was enforced which forbade the employees of the plant to congregate about the vending machine or drink milk procured therefrom in the aisles where the vending machines were located.
 

 The construction of this constitutional provision, as contended for by the appellant, would result in classifying all industrial plants, large or small, within the bounds of which there are any sales of food, as the “premises where sold,” notwithstanding the fact that the sale is consummated by a vending machine which is the only premises owned or controlled by the vendor.
 

 In addition to the above illustrations many others could be suggested to fully demonstrate the unreasonable and absurd results of the application of the so-called “metes and bounds” theory. On the other hand any and all inequitable and absurd results may be avoided by the application of the so-called “control” theory.
 

 It is elementary that in the construction of a constitutional provision or legislative enactment unreasonable or absurd consequences should,- if possible, be avoided.
 

 It is conceded that the Department of Taxation has been confronted with much difficulty in administering the taxation provision involved herein, which has resulted in the final preparation and adoption of Rule 54& which is as follows:
 

 “The word ‘premises’ as used in Section 5546-2, G-eneral Code, exempting from the sales tax all sales of food for human consumption ‘off the premises where sold’ is defined as being that part of a building or area
 
 *36
 
 where sales of tangible personal property are made and which is under the control of the vendor or in any part of which the vendor by lease, contract, permission, license, grant, privilege, or any other right whatsoever, makes such sales.”
 

 This rule, which the Tax Commissioner adopted and the Board of Tax Appeals apparently applied in this instance, is a uniform common-sense rule which embraces the so-called “control” theory, as above stated, and in the opinion of the court it effectuates the purpose and intent of the people in adopting the constitutional amendment.
 

 For the reasons stated the decision of the Board of Tax Appeals is deemed to be lawful and reasonable and is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Williams, Turner and Hart, JJ., concur.
 

 Zimmerman and Bell, JJ., dissent.