Middleton, J.
 

 The plaintiff claims the right to collect interest computed at 6 per cent per annum on current unpaid balances and argues four propositions, viz.:
 

 (1) The written agreement, on its face, provides for the payment of interest; (2) the law assumes the obligation to pay interest on the deferred installments of the purchase price of land when possession is taken by the purchaser; (3) under Section 8305, General
 
 *570
 
 Code, the “legal rate” of 6 per cent interest applies when no rate is specified; and (4) when no rate of interest is specified the instrument is similar to a note which provides for usurious interest, which usurious interest is stricken down and, in its place, collection of 6 per cent is authorized by Section 8306, General Code.
 

 The meaning of this instrument should be determined by following the usual and well established rules of construction. The purpose of construction is primarily to determine the intent of the parties.
 
 State, ex rel. Maher, Pros. Atty.,
 
 v.
 
 Baker, 88
 
 Ohio St., 165, 172, 102 N. E., 732.
 

 In the paragraph which states the agreement as to price and manner of payment thereof this instrument is silent as to interest. It clearly states that the price is $1,600, payable $75 cash and the balance of $1,525 in monthly payments of $15 each. If the parties intended that interest should be paid, this was the place in the instrument to so stipulate. The court cannot rewrite the agreement and insert provisions which the parties must be presumed to have purposely omitted.
 

 The appearance of the word “interest” in the two printed paragraphs later in the instrument does not create an obligation on the part of the purchaser to pay interest. In one such printed paragraph the language is, “ * * * if any one of said installments, or the interest accrued thereon, shall not be paid when due * * *.” No “interest thereon” could accrue for none was specified, except such as the law might cause to attach to past due installments. There was none past due. All installments were paid regularly. In the other printed paragraph the language is, “Now if the party * * * shall
 
 * *
 
 * pay the full purchase money aforesaid, with interest, taxes * * * at the time and in
 
 *571
 
 the manner above stipulated, then *
 
 *
 
 No time-or manner of payment of interest was “above stipulated.” The printed provisions of the agreement cannot be relied upon if in conflict with the typed provisions which were inserted at the time the contract was executed.
 
 Farmers National Bank
 
 v.
 
 Delaware Ins. Co.,
 
 83 Ohio St., 309, 94 N. E., 834.
 

 No obligation to pay interest appears on the face of this instrument.
 

 Authorities without number can be cited to support the rule that doubtful language in a contract is to be interpreted most strongly against the party who used it or the party who prepared the contract. See
 
 Farmers National Bank
 
 v.
 
 Delaware Ins. Co., supra.
 
 Also, see statement of the rule in 12 American Jurisprudence, 795, Section 252, and 1 Restatement of the Law of Contracts, 328, Section 236.
 

 The plaintiff, O’Neill, through his agent, Kistler, drew this instrument after several days of negotiation. Kistler was an experienced dealer in real estate. He used a printed form of agreement and typed in what the parties had agreed upon as to price and terms of payment. In that paragraph, he did not mention interest. If, as plaintiff claims, interest was discussed in the negotiations, failure to mention it in the written agreement is of even greater significance under the well recognized rule that all negotiations and prior conversations are merged in the final written instrument. 17 Ohio Jurisprudence, 513, Section 417, and cases cited therein; 12 American Jurisprudence, 755.
 

 Furthermore, the conduct of the plaintiff and his agent, Kistler, over the period of nearly eight years following execution of the instrument is significant. During all that time monthly payments were received
 
 *572
 
 by Kistler and were entered on defendants’ copy of the agreement as payments on “Principal.” No part of the payments was entered as “Interest,” and no claim of right to interest was asserted until the total amount paid by defendants substantially equalled the purchase price named in the instrument. The conduct of the plaintiff tends to support the defendants’ position.
 
 State, ex rel. Burgess & Niple,
 
 v.
 
 Linzell, Dir.,
 
 153 Ohio St., 545, 93 N. E. (2d), 9; 12 American Jurisprudence, 787, Section 249.
 

 The plaintiff has cited respectable authorities holding that, as a general rule, a purchaser of real estate who takes possession, under contract, is liable to the vendor for interest on that portion of the purchase price, payment of which is deferred. None of the authorities so cited involves facts similar to those of the instant case. In most instances the instruments indicated intent to charge interest. In none of them was the purchaser supported, in his defense, by conduct of the vendor as in the instant case.
 

 The argument of plaintiff that he is entitled to 6 per cent interest under Section 8305, General Code, since no rate of interest is specified, is without merit. The 6 per cent rate specified in that section applies only “when money becomes due and payable.” In the instant case the payments became due and payable monthly and were promptly paid. Hence, no interest-can be claimed under this section of the General Code.
 

 Plaintiff devoted considerable time to arguing an analogy between the treatment of usurious interest provisions and what he claims should be accorded this instrument where no rate of interest is specified. He undertakes to bring to his aid Section 8306, General Code. He argues that the striking down of usurious interest creates a situation exactly analogous to one
 
 *573
 
 where no interest is specified, and that the legal rate of 6 per cent, which the law substitutes for the usurious rate, should likewise be applied where no rate is specified. For many reasons that argument is unsound. It is sufficient to point out that in usurious transactions the parties clearly evidence their intent to charge interest, whereas in the instant case the intent seems equally clear not to charge interest at any rate.
 

 It does not appear that the exact question now before this court has been previously decided in Ohio, but the case of
 
 Crosby
 
 v.
 
 Glick,
 
 22 Ohio App., 466, 153 N. E., 300, involved facts very similar to those involved herein and we consider the decision reached in that case as being in harmony with our conclusions herein.
 

 We agree with the conclusion reached by the trial court and find that the Court of Appeals erred in reversing the trial court’s judgment.
 

 The judgment of the Court of Appeals is reversed, and the judgment of the Common Pleas Court is affirmed.
 

 Judgment reversed.
 

 WEYGANBT, C. J., ZlMMERMAN, STEWART, TaET, Matthias and Hart, JJ., concur.