Middleton, J.
Did the notice of appeal from the decision of the Board of Review, Bureau of Unemployment Compensation, to the Common Pleas Court satisfy the requirements of the statute as to form? It is agreed that the answer to this question depends upon the construction of Section 1346-4, General Code. The pertinent portion of that section reads as follows:
“* * * Such appeal shall be taken by the filing by appellant of a notice of appeal with the clerk of such court and with the Board of Review. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the Board of Review shall be filed with the clerk of such court.” (Emphasis added.)
No question is raised as to service of the notice. The only question is, did the notice of appeal “set forth” the decision appealed from?
The Bureau of Unemployment Compensation, in support of its motion to dismiss, relies upon American Restaurant & Lunch Co. v. Glander, Tax Commr., 147 Ohio St., 147, 70 N. E. (2d), 93, and Zier v. Bureau of Unemployment Compensation, 151 Ohio St., 123, 84 *259 N. E. (2d), 746. The claimant, Moore, in opposing the motion to dismiss the appeal, relies largely upon the case of Castleberry, d. b. a. Cedar Hill Farms, v. Evatt, Tax Commr., 147 Ohio St., 30, 67 N. E. (2d), 861, 167 A. L. R., 198.
The American Restaurant & Lunch Co. case above referred to involved an appeal from an order of the Tax Commissioner of Ohio to the Board of Tax Appeals. It did not involve unemployment compensation. The procedure to effect that appeal was specified in Section 5611, General Code, which provides:
‘1 Such appeals shall be taken by the filing of a written notice to that effect with the Board of Tax Appeals and with the Tax Commissioner * * *. The notice of such appeal shall set forth or shall have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of, and shall also specify the error or errors therein complained of. ’ ’
The notice of appeal in that case did not incorporate a true copy of the determination complained of, either in the body of the notice or by attachment thereto. The specific requirements of Section 5611, General Code, were not complied with and the court so held. The language of Section 1346-4, General Code, is not the same as that of Section 5611, General Code, and we do not consider the decision in the American Restaurant & Lunch Co. case applicable in the instant ease.
In the Zier case, supra, this court construed the identical portion of Section 1346r4, General Code, involved in the instant case, but the notice of appeal in the Zier case was materially different from the notice now under consideration. In the Zier case the notice of appeal merely said:
“The undersigned claimant hereby gives notice of appeal from the decision of the Board of Review deny *260 ing the right to compensation, in accordance with his right to appeal under Section 1346-4 of the General Code.”
This court held that that notice was not in compliance with the requirements of Section 1346-4, General Code, and with the decision in that case we remain in-accord.
In the instant case the notice of appeal to the Common Pleas Court recites the name and social security number of the appellant; the docket number of the proceedings before the Bureau of Unemployment Compensation; the date of the decision appealed from; the date of mailing of notice to the claimant of the decision appealed from; that notice of appeal was given to the interested parties who are then named; and that the appeal was being taken to the Common Pleas Court of Franklin County. The notice then states the substance and effect of the decision appealed from, denies the truth of factual finding of the Board of Review and states the facts which Moore claims establish the errors committed by the Board of Review.
We believe that this notice of appeal, considered realistically, does sufficiently “set forth” the decision appealed from and the errors therein complained of to satisfy the requirements of Section 1346-4, General Code. Even though it may be good practice to include in the body of the notice of appeal, or by attachment thereto and reference, an exact copy of the decision appealed from, we do not consider that the words, “set forth,” require such to be done. The notice of appeal must, however, be so complete in its terms and recitals that no uncertainty can exist as to the particular decision appealed from. The notice of appeal in the instant case is sufficiently complete.
The conclusion reached by this court in the instant case is in complete harmony with the decision rendered in Castleberry, d. b .a. Cedar Hill Farms, v. Evatt, Tax *261 Commr., supra. In that case an appeal was taken to this court from a decision of the Board of Tax Appeals. The proceedings to be followed were specified in Section 5611-2, General Code. As to the form of notice of appeal that section provides: ‘ ‘ Such notice of appeal shall set forth the decision of the Board of Tax Appeals appealed from and the errors therein complained of.” The notice of appeal there did not contain, or incorporate by reference, a copy of the decision appealed from. A motion was filed to dismiss the appeal on the ground that the notice of appeal did not comply' with the statute. This court heid that the notice was sufficient and overruled the motion to dismiss. Though a different statute was there under consideration, its language is identical with that of Section 1346-4, General Code, in that both require that the decision be “set forth,” and neither specifically provides that the decision be copied into the notice or be attached and made a part thereof by reference.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart and Hart, JJ., concur.
Taet, J., concurs, excepting next to the last sentence of the opinion.