Weygandt, C. J.
The periods here involved extend over parts of the years 1944 to 1948, when the appellant Cleveland Concession Company operated concessions within the Cleveland Municipal Stadium and League Park under agreements with the city of Cleveland and the Cleveland Base Ball Club.
*482 The operative facts are stipulated and hence not in dispute, and but one question requires the consideration of this court.
The appellant was engaged in the business of selling food, refreshments and other merchandise. The sales here involved were made from conveniently located booths and by itinerant vendors who used portable containers to convey their wares to patrons seated in the grandstands.
Article XII, Section 12, of the Constitution of Ohio reads:
“On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold. ’ ’
Enacted pursuant thereto, Section 5546-2, General Code, reads in part as follows:
‘ ‘ The tax hereby levied does not apply to the following sales:
" * * *
“2. Sale of food for human consumption off the premises where sold.”
Hence, the question is whether the food was sold for consumption off the “premises where sold.”
In the third and fourth paragraphs of the syllabus in the case of Castleberry v. Evatt, Tax Commr., 147 Ohio St., 30, 67 N. E. (2d), 861, 167 A. L. R., 198, this court held:
‘ ‘ 3. Section 12 of Article XII of the Constitution of Ohio provides that ‘on and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold.’ The words ‘premises where sold,’ as used therein, mean the limited portion of a building, structure, enclosure or other area, where sales or purchases of foods for human consumption are made, which is in the actual possession or under the actual control of the vendor.
*483 “4. Sales of packaged fluid milk by a dairy through vending machines located in an industrial plant over which plant or any part thereof the vendor has and exercises no right of control, but has only the right of ingress and egress to service the vending machines by placing therein milk in containers and removing therefrom the coins inserted by purchasers, are sales of food for human consumption off the premises where sold and are not taxable. ’ ’
Similarly, in the instant case, according to the stipulated facts, each sales “booth is equipped with a counter about twenty feet in length. The booths are the property of the City of Cleveland. These booths vary in size and are situated at convenient locations in the Stadium. Spectators attending the various, events at the Stadium are not permitted to enter these booths. No tables, chairs, or similar facilities are provided for the convenience of Appellant’s patrons and the public is not permitted access to the interior of the booths. Appellant’s customers make purchases at the several counters referred to above and then walk away, generally consuming the products purchased on the way to their destination.'
“ * * * Likewise, Appellant has no control over any portion of the concourses, the seats situated in the grandstand, the runways or ramps or any other portion of the Stadium. The Stadium maintains its own police force. Appellant has no control over who may enter the Stadium. * * *
< t # * #
“8. The grandstands contain approximately 75,000 seats. Appellant has no control whatsoever over any area comprising the grandstands. Itinerant vendors use portable containers to sell their merchandise to the patrons seated in the grandstands. No facilities are provided for storing merchandise in the grandstands.
*484 “9. Itinerant vendors are allowed to sell in the grandstands only if permitted by the proper officials of the City of Cleveland.”
Emphasis is placed on the fact that the appellant had the exclusive privilege to sell food and refreshments in certain parts of the premises. This exclusive privilege is claimed to be proof of control of the premises. It is the view of this court that the limited exclusive vending privilege falls far short of indicating control of the premises. And the food and refreshments were consumed wherever else the patrons wished to do so rather than at the particular points where the purchases were made.
Under these circumstances the decision of the Board of Tax Appeals is unreasonable and unlawful and must be reversed.

Decision reversed.

Middleton, Taet, Matthias, Hart and Stewart, JJ., concur. •