Zimmerman, J.,
dissenting. First, I dissent on the basis of that portion of my dissenting opinion in the case of Castleberry v. Evatt, Tax Commr., 147 Ohio St., 30, 36, 67 N. E. (2d), 861, 864, 167 A. L. R., 198, which relates to the meaning and intendment of the phrase, “off the premises where sold,” as employed in Section 12, Article XII of the Constitution of Ohio, and in Section 5546-2, General Code.
Second, if such position is untenable, I agree with that part of the concurring opinion of Chairman Kirwin of the Board of Tax Appeals wherein he said:
‘ ‘ * * * when the city of Cleveland gave to appellant the exclusive right and privilege to sell, at retail, certain items of tangible personal property within the limits of the Cleveland Stadium, said city surrendered its exclusive control and possession of the premises *485 which go to make up the Cleveland Stadium to the extent necessary to make effective the provisions of the concession contract; and that by the terms of the contract said city of Cleveland gave to appellant a premise from which to operate and a premise within which to vend its wares.”
In other words, the appellant was granted such ldnd and degree of control of the Cleveland Stadium for the purpose of selling its food products as to render such sales anywhere within the included area sales of food for human consumption on the premises where sold and therefore subject to taxation.