S. A. RUEBEL & CO., APPELLANT, v. BOWERS, TAX COMMR., APPELLEE.

(No. 9161—Decided July 2, 1962.)

*Mr. Louis J. Schneider, Jr.,* for appellant.
*Mr. Mark McElroy,* attorney general, and *Mr. Joseph L. White,* for appellee.

HILDEBRANT, J. The Tax Commissioner of Ohio has filed a motion to dismiss appellant's notice of appeal to this court for failure to comply with Section 5717.04 of the Revised Code. in two respects, viz.: (1) failure to set forth the decision of the board appealed from; and (2) failure to set forth the error therein complained of.

Section 5717.04 of the Revised Code, in the part pertinent here, provides:

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. Proof of the filing of such notice with

the board shall be filed with the court to which the appeal is being taken. The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal."

The notice of appeal reads:

"S. A. Ruebel & Company, an Ohio corporation, appellant, hereby gives notice of its appeal to the Court of Appeals for Hamilton County, Ohio, from the decision of the Board of Tax Appeals of Ohio, made and entered on the 26th day of March, 1962, in this cause before said board, bearing case No. 46241, (Sales and Use Tax), wherein taxpayer, and appellant here, appealed to said board to reverse a final order of appellee, Stanley J. Bowers, wherein that official confirmed a sales and use tax assessment previously made against this appellant for the audit period July 1, 1956, to June 30, 1960, in a total basic amount of $7,371.81 plus penalties.

"This appeal is taken pursuant to Ohio Revised Code Section 5717.04, Hamilton County, being the county in which appellant has its principal place of business and its statutory agent has residence.

"Appellant claims said decision was erroneous, unlawful and unreasonable in that it is manifestly contrary to the provisions of Chapters 5739 and 5741 of the Revised Code (the Sales and Use Tax Acts)."

The Tax Commissioner relies on the two recent cases of *Lawson Milk Co.* v. *Bowers, Tax Commr.*, 171 Ohio St., 418, and *Motorway Corp.* v. *Bowers, Tax Commr.*, 170 Ohio St., 139.

We do not agree that the cited cases are determinative of the case at bar. In the *Lawson Milk case*, the statement of the error complained of was far less complete than the statement of error quoted here. In the *Motorway Corp. case*, the one-paragraph opinion states a sufficient reason for dismissal in that the appellant failed to serve the required notice. Other reasons were unnecessary.

This court feels, as stated in *Tom's Express, Inc.*, v. *Bowers, Tax Commr.*, 83 Ohio Law Abs., 22, wherein it is stated at page 23 by Duffy, J.:

"In this court where the parties are required to file specific assignments of errors and briefs in support of those specific assignments of errors it would appear that the allegation of the unreasonable and unlawful finding of the Tax Commissioner

should be sufficient and the taxpayer should have his day in court. See *Castleberry, d. b. a. Cedar Hill Farms,* v. *Evatt, Tax Commr.,* 147 Ohio St., 30, a case dealing with an appeal from the board to a court, and especially the opinion of Judge Zimmerman at page 36. See, also, *Moore* v. *Foreacher, Recr., Bureau of Unemployment Compensation,* 156 Ohio St., 255, and *Matthews* v. *Administrator Bureau of Unemployment Compensation,* 66 Ohio Law Abs., 183."

The motion to dismiss is overruled.

*Motion overruled.*

LONG, P. J., and KEEFE, J., concur.