Zimmerman, J.
This is an appeal under Section 5717.04, Revised Code, from a decision of the Board of Tax Appeals which affirmed an order of the Tax Commissioner imposing a sales tax assessment against the appellant, Edward J. Ilersich, in connection with the operation of his retail business between the dates of May 18 and September 30, 1962.
In this court, appellant attacks the constitutionality of Section 5739.01 (L), Revised Code, upon the claim that it violates Section 12, Article XII of the Constitution of Ohio, adopted November 3, 1936, which provides that “on and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold.”
That part of the statute challenged defines “premises” as including “any real property or portion thereof upon which any person engages in selling tangible personal property at retail and also includes any real property or portion thereof designated for, or devoted to, use in conjunction with the business engaged in by such person. ’ ’
Appellant contends that the constitutional provision above quoted as interpreted in the cases of Castleberry v. Evatt, Tax Commr., 147 Ohio St., 30, 67 N. E. (2d), 861, 167 A. L. R., 198, and Cleveland Concession Co. v. Peck, Tax Commr., 159 Ohio St., 480, 112 N. E. (2d), 529, precludes the imposition of a tax on the sale or purchase of food for human consumption, where such food is not consumed at the immediate and precise place where it is purchased, and that Section 5739.01 (L), Revised Code, is ineffective and invalid in extending the tax beyond constitutional bounds.
The evidence herein shows that, during the period covered by the assessment, appellant owned and operated a drive-in retail soft-ice-cream and kindred-product and soft-drink business in Berea, Ohio. There was a building to which customers came and from which through windows the products were sold *257 in containers. There were no deliveries otherwise outside the building. This building was surrounded by a blacktopped parking area, large enough to accommodate 38 motor vehicles. Appellant testified that it would not be possible to conduct his business successfully without the parking facilities, and that a number of his customers ate or drank their purchases on his property but away from the building proper. From a survey conducted by the Tax Commissioner, he determined that 37% of the products sold by appellant in amounts over 30 cents were consumed by purchasers on appellant’s parking lot. Appellant does not dispute such determination but bases his case wholly on the claimed unconstitutionality of Section 5739.01 (L), Revised Code.
It is quite evident that appellant owned and used the entire premises here involved — the building and the surrounding parking lot — in the conduct of his business.
Section 12, Article XII, does not precisely define the term, “off the premises where sold,” and it was adopted primarily to relieve from taxation the purchase of food products for human consumption which were carried away from the stores or places where bought to homes and other establishments removed from the immediate locations where purchased.
In both the Castleberry and Cleveland Concession cases, the phrase, “off the premises where sold,” as used in the Constitution, was construed to mean off the limited portion of a building, structure, enclosure or other area, where sales or purchases of food for human consumption are made, which is in the actual possession or under the actual control of the vendor.
Here, both the building and the surrounding parking lot were owned and operated by appellant in connection with his business, and food and drink were bought and consumed by persons in that area.
■ As we view Section 5739.01 (L), Revised Code, it represents a permissible legislative interpretation and application of the indefinite constitutional phrase, “off the premises where sold,” to meet modern merchandising practices and is not in conflict with the constitutional provision.
Lending support to such conclusion is the comparatively recent case of Buddies Lunch System, Inc., v. Bowers, Tax *258 Commr., 170 Ohio St., 410, 165 N. E. (2d), 924, wherein Section 5739.01 (L), Revised Code, was impliedly approved and where food supplied by a vendor on the premises of an employer was consumed in an adjacent room furnished and equipped by such employer for the convenience and accommodation of his employees and where the sales and purchases of such food were held subject to the sales tax. In the Buddies Lunch System case, the Castleberry and Cleveland Concession cases were limited to the precise and peculiar facts of those cases.
We are of the opinion that Section 5739.01 (L), Revised Code, is not unconstitutional, and that the decision of the Board of Tax Appeals herein affirming the order of the Tax Commissioner is neither unreasonable nor unlawful.

Decision affirmed.

Taft, C. J., Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.