McKNIGHT et al., Appellants,

v.

GRANGE MUTUAL CASUALTY COMPANY et al., Appellees.

[Cite as *McKnight v. Grange Mut. Cas. Co.* (1996), 110 Ohio App.3d 282.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–95–22.

Decided April 5, 1996.

*W. Lynn Swinger*, for appellants.

*Arthur A. Ames*, for appellee, Grange Mutual Casualty Co.

*Richard H. Wallace*, for appellee, Debra E. Ely.

HADLEY, Presiding Judge.

Plaintiffs-appellants, Michael S. McKnight, individually and as legal guardian of Brandon McKnight, Travis McKnight, and Leslie McKnight ("appellant"), appeal from the judgment entry of the Shelby County Court of Common Pleas, ordering judgment for defendants-appellees, Grange Mutual Casualty Company ("Grange") and Debra Ely ("Debra"). This case was originally assigned to the accelerated docket; however, because of the issues raised herein, we issue the following opinion pursuant to Loc.App.R. 12(5).

Appellant is the former husband of Debra Ely. Debra and the couple's three minor children were involved in an automobile accident in May 1992 while Debra was driving a 1979 Chevy Malibu. At the time of the accident, Debra and appellant each had separate automobile insurance policies with Grange. Appellant, individually and as legal guardian of the couple's minor children, brought a declaratory judgment action to determine whether his policy and/or Debra's policy contained uninsured/underinsured motorist coverage ("UM coverage"). Appellant argues that neither he nor his former wife ever expressly rejected uninsured motorist coverage in their respective policies and, therefore, pursuant to R.C. 3937.18(C), each policy should be found to contain UM coverage.

Relevant to a determination of the issues raised in appellant's complaint are the following facts. For clarity we refer to the separate declaration pages as the exhibit number each was given during the deposition of Connie Van Horn, an employee of the Schaffer Insurance Agency, which agency issued the Grange policies to Debra. Moreover, because of our disposition of appellant's assignments of error numbered three, four, and five relating to his insurance policy issued him from appellee, we refer only to those policies, or portions thereof, relevant to the disposition of appellant's first and second assignment of error.

Debra was issued a renewal of her automobile liability policy from Grange for a policy period beginning February 8, 1986 through August 8, 1986, which stated that Debra was the named insured on policy numbered 4996012–19 ("Exhibit One"). Exhibit One listed one covered vehicle, a 1980 Ford sedan. During that policy period (June 18, 1986) Debra signed an express waiver of UM coverage with her agent, and the amount she had been paying for UM coverage was deducted from her premium. Exhibit One reflects this change, which states that the reason for the new declaration page was a "change to the policy."

No other declaration page for Debra is provided in the record for the time period of August 8, 1986 through July 19, 1989.

Exhibit Four covers July 19, 1989 through January 19, 1990. This exhibit reflects Debra as the named insured and the policy as providing coverage for three vehicles: the 1980 Ford sedan, a 1979 Chevy Malibu and a 1976 Chevy pickup. This declaration page reflects that the only other change in the policy is the number assigned to the policy, now 4996012. The exhibit reflects no other changes to the amounts of coverage, or addition or deletion of coverages, as provided in Exhibit One.

Van Horn stated during her deposition that Exhibit Four was intended to combine all policies of the McKnight household into one policy. Again, Exhibit Four lists only Debra as a named insured.

Exhibit Five includes a declaration page covering January 19, 1990 through July 19, 1990 for policy number 4996012. This exhibit states that effective June 18, 1990, the only listed vehicles covered therein were the 1980 Ford and the 1976 Chevy pickup. This page states that the reason a new declaration page was issued was to "delete vehicle" (presumably, the 1979 Chevy Malibu).

Exhibit Five also includes a declaration page for policy number 4996012 covering the time period beginning July 19, 1990 through January 19, 1991, and listing Debra as the only named insured. This exhibit lists the same two covered vehicles, the 1980 Ford and the 1976 Chevy pickup.

Exhibit Fifteen is a declaration page reflecting Debra's coverage on the same two vehicles as stated in Exhibit Five, with identical coverage, listing Debra as the only named insured, and covering the policy period January 19, 1991 through July 19, 1991.

Exhibit Eight was issued to Debra on September 23, 1991 (but effective September 3, 1991), and covered June 18, 1991 through December 18, 1991. At this time, Debra was given a new policy number, 5460332. This policy lists Debra as the only named insured and lists only the 1979 Chevy Malibu as a covered vehicle. The coverages listed in this policy are identical to the earlier policies

issued to Debra. This new policy number, 5460332, had earlier been assigned to a policy issued to appellant.

Appellant had earlier been assigned policy number 5460332 for the policy period June 18, 1990 through December 18, 1990, which policy listed the 1979 Chevy Malibu as the only covered vehicle and named appellant as the only named insured. When this policy was issued to appellant, he expressly rejected UM coverage (June 20, 1991) by written waiver.

Appellee issued appellant a new declaration page and a new policy number (4996012—Debra's previous policy number) covering July 19, 1991 through January 19, 1992, on September 23, 1991 (but effective September 3, 1991). This new declaration page listed appellant as the only named insured, listed the 1980 Ford and 1976 Chevy pickup as the only covered vehicles, and the reason for the change in mid-policy was to "change insured."

Thus, effective September 3, 1991, appellant and Debra swapped cars and Grange swapped policies between appellant and Debra. Thereafter, from the policies provided in the record, Debra's policies were assigned number 5460332 and appellant's policies were assigned number 4996012.

Exhibit Eight, wherein Debra was first assigned 5460332, stated that Grange was amending policy number 5460332 to "change insured."

Finally, Exhibit Thirteen is a declaration page covering December 18, 1991 through June 18, 1992, listing Debra as the only named insured, and containing the same coverages as set forth in Exhibit Eight, and assigned policy number 5460332. Exhibit Thirteen was the declaration page to the policy in effect at the time of the May 1992 accident.

At no time in any of the above-mentioned exhibits is appellant listed as a named insured.

The trial court, upon briefs by the parties, held in its judgment entry that Debra should be held to the express rejection given by appellant when appellant signed an express written waiver of UM coverage when policy 5460332 was held in his name only on the 1979 Chevy Malibu on June 20, 1991.

Assignment of Error Number One

"The trial court erred in granting judgment in favor of defendant insurer on policy 5460332 insuring Debra McKnight and holding that uninsured motorist coverage was not [in] effect on May 6, 1992, because the defendant insurer failed to prove such coverage had been rejected."

Assignment of Error Number Two

"The trial court erred in finding that policy 5460332 of the defendant insurer insuring Debra McKnight on May 6, 1992, was a renewal policy of a previously

issued policy by the same insurer to her as named insured in which she had rejected said coverage within the context of R.C. 3937.18(C)."

Although not addressed by the parties, we first address the standing of appellant in this matter. Relevant to this issue and the remaining issues raised by the first two assignments of error is R.C. 3937.18(C), which states:

" * * * Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the *named insured* has rejected the coverages in connection with a policy previously issued to him by the same insurer. * * *" (Emphasis added.)

This court, in *Westerheide v. State Farm Ins. Cos.* (1993), 86 Ohio App.3d 557, 560, 621 N.E.2d 703, 704–705, held that in regard to a policy of automobile insurance between the named insured (an employer) and the insurer, an employee of the named insured has standing (as an intended third-party beneficiary) to challenge whether the named insured, the employer, expressly rejected UM coverage. See, also, *Jocek v. Nationwide Mut. Fire Ins. Co.* (Jun. 16, 1994), Cuyahoga App. No. 64827, unreported, 1994 WL 264506; *Atwood v. Internatl. Ins. Co.* (Dec. 10, 1991), Franklin App. No. 91AP–521, unreported, 1991 WL 268346. The Tenth District Court of Appeals in *Atwood* stated that if an implied-at-law insured or third-party beneficiary ("other insured") of an insurance contract was unable to challenge whether the named insured had expressly rejected UM coverage, the other insured "would be at the absolute mercy of the named insured, who may have no interest in bringing the claim."

Based upon the aforementioned law, we hold that appellant, bringing suit on behalf of himself (individually), does not have standing to contest whether Debra could expressly reject UM coverage pursuant to her policy with appellee, as he was neither a named insured, an implied-at-law insured, or a third-party beneficiary of Debra's policy with appellee.

However, we do hold that appellant, bringing suit on behalf of the parties' three minor children as their legal guardian, does have standing to challenge whether Debra had expressly rejected UM coverage. The trial court stated in its September 6, 1995 judgment entry that pursuant to its decision in a previous case involving the same parties (Grange, Debra, appellant, and the minor children) the three minor children born to appellant and Debra were related by blood to Debra and that their principal residence was that of Debra. Pursuant to the definition in Debra's policy of "insured," the couple's three minor children were "insureds" in Debra's policy. Thus, appellant could bring suit on behalf of the couple's minor children because the children are insureds and thus, can challenge whether Debra expressly rejected UM coverage.

■  Turning to the specific issue raised herein, whether Debra expressly rejected UM coverage in policy 5460332, we are guided by well-established rules of insurance law that the burden of proving that an insured rejected UM coverage rests upon the insurer. *Poots v. Motorist Ins. Cos.* (1986), 38 Ohio App.3d 48, 526 N.E.2d 71.

In its September 6, 1995 judgment entry, the trial court relied upon the case of *Johnson v. Great Am. Ins. Co.* (1988), 44 Ohio App.3d 71, 541 N.E.2d 100. In *Johnson*, Wayne Johnson held a policy of insurance in which he had signed a written rejection of UM coverage. He later married, and his wife, Susan, was listed as a named insured on Wayne's policy. Sometime later, Susan was involved in an automobile accident and recovered from the tortfeasor's insurance policy. She sought further compensation from the underinsured coverage of her and Wayne's automobile policy. The *Johnson* court, at 75, 541 N.E.2d at 104, stated that "at the time that the name of a new insured is added to an existing policy, the new insured is bound by the policy's existing terms absent a specific request."

The facts in *Johnson* are not similar or identical to those in the matter *sub judice*. The *Johnson* case involved a situation where one named insured was added to an existing policy in which the other named insured had already expressly rejected UM coverage. Herein, Debra and appellant never held a joint policy of insurance as co-named insureds. Thus, there is no issue of whether one named insured could have rejected for the other named insured because the facts simply are not presented.

Regardless, our only determination is whether Exhibit Eight, issued by appellee to Debra, was a renewal or supplemental policy of insurance subsequent to the only rejection in the record in which she expressly rejected UM coverage (June 18, 1986).

We hold under the facts of this case that there was a change in ownership and, thus, a change in the named insured which amounted to a new policy, even if an old policy number was used that had been previously assigned to the same vehicle. The change in the named insured required appellee to offer UM coverage to the new named insured, Debra, who is the only one who can accept or reject this coverage. See *Garey v. Long* (Dec. 8, 1992), Franklin App. No. 92AP–920, unreported, 1992 WL 369300, which states:

"Thus, for purposes of [3937.18(C) ], the change in ownership, necessitating the change in the insured, required [the insurer] to offer uninsured/underinsured motorist coverage to [the new owner/named insured], since it is only the named insured that can reject or accept both coverages."

Therefore, assignments of error numbered one and two are sustained.

We also find appellant's third, fourth and fifth assignments of error not well taken. In these assignments of error, appellant asserts that pursuant to his own policy of insurance with appellee, the trial court should have found that he had UM coverage because he never expressly rejected such coverage. However, we are unable to review these assignments of error because appellant never attached a copy of his insurance policy from which he claims he is entitled to UM coverage to his complaint (Civ.R. 10[D] ) or otherwise caused a copy of it to be made a part of the record on appeal. The only insurance policy in the record purports to be Debra's policy.

Thus, in the absence of appellee's policy issued by appellee from which appellee claims coverage, we are unable to address these assignments of error. Therefore, assignments of error numbered three, four and five are overruled.

The judgment of the Shelby County Court of Common Pleas is reversed in part and affirmed in part, and the cause is remanded for proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

SHAW and THOMAS F. BRYANT, JJ., concur.