GRANGE MUTUAL CASUALTY CO., APPELLANT, *v.* VOLKMANN
ET AL., APPELLEES.

(No. 77-692—Decided April 19, 1978.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Donald H. Powell,* for appellant.

*Blakemore, Rosen & Norris Co., L. P. A., Mr. A. William Zavarello* and *Mr. Jeffrey T. Heintz,* for appellees.

CELEBREZZE, J. The sole issue presented by the instant appeal is whether it is permissible for an insurer, which is providing uninsured motorist coverage to its insured's three vehicles under individual policies of insurance, to avoid liability under all but one of those coverages by inserting in each insurance contract the "other owned vehicle" exclusion set out above.[3] Appellant insurer would

[3] In view of the specific fact situation presented in the cause at bar we need not at this time enter the ongoing controversy over the "free ride" effect. The weight of authority in this country holds that

have this court enforce such contractual provisions in the policies covering the two uninvolved Volkmann automobiles since the insureds (*i. e.,* Volkmann's two daughters) have sustained bodily injuries while occupying an automobile which is owned by the named insured, Volkmann, but which is not an "insured automobile" under the terms of those policies which specifically describe the two uninvolved vehicles.

Appellant urges that this court be mindful of the familiar observation made in *John Hancock Mutual Life Ins. Co.* v. *Hicks* (1931), 43 Ohio App. 242, at page 247:

"A policy of insurance is a voluntary contract, and may be made upon such terms and conditions as are agreed upon by the parties thereto so long as they are not in conflict with public policy."

This court, in *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, has described the public policy behind the statutorily-required offering of uninsured motorist coverage, as follows:

"Uninsured motorist coverage * * * is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated."

In *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, this court struck down a standard "other insurance" clause designed to relieve the insurer from

---

where a person is operating a motor vehicle which does *not* have uninsured motorist coverage, and sustains bodily injury as the result of the negligent operation of another uninsured vehicle, the injured person may recover under the uninsured motorists coverage(s) of another vehicle (or vehicles) owned by a member (or members) of that person's household, even in the face of an exclusion purporting to deny coverage in such a circumstance. *Mullis* v. *State Farm Mutual Auto Ins. Co.* (Fla. 1971), 252 So. 2d 229; *Nygaard* v. *State Farm Mutual Auto Ins. Co.* (1974), 301 Minn. 10, 221 N. W. 2d 151; *State Farm Mutual Auto. Ins. Co.* v. *Hinkel* (1971), 87 Nev. 478, 488 P. 2d 1151; *Bell* v. *State Farm Mutual Auto. Ins. Co.* (W. Va. 1974), 207 S. E. 2d 147. Contra, *e. g., Rodriguez* v. *Maryland Indem. Ins. Co.* (1975), 24 Ariz. App. 392, 539 P. 2d 196, and cases cited therein. See, generally, Widiss, A Guide to Uninsured Motorist Coverage, Section 2.9 (1969 and Supp. 1976).

liability in a situation where an insured passenger had other uninsured motorist coverage available to him, even though that other coverage was insufficient to indemnify the insured to the full extent of his loss. We held such a clause to be repugnant to R. C. 3937.18. The insured was therefore permitted to share in the vehicle owner's primary coverage and, if not indemnified to the full extent of his injury, to recover under his own uninsured motorist coverage.

In *Weemhoff* v. *Cincinnati Ins. Co.* (1975), 41 Ohio St. 2d 231, this court reviewed a lower court decision which had disallowed stacking of uninsured motorist coverages by an insured who paid separate premiums for coverage of two vehicles under one policy of insurance. The insurance policy at issue in *Weemhoff* contained a provision which informed the insured that "[t]he limit of liability * * * stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages * * * because of bodily injury sustained by one person as the result of any one accident * * *." In affirming the appellate court judgment we found that although the insured had paid two separate premiums to secure uninsured motorist coverage for his two vehicles, the dictates of R. C. 3937.18, and public policy, were satisfied when the minimum statutory limits were available under the one policy which the insured had purchased. The insured could therefore not require that separate coverages within one policy of insurance be aggregated.[4]

Upon analysis of the holdings in the above-cited cases we perceive no difference in principle between the "other insurance" clause invalidated in *Curran, supra,* and the

---

[4] Appellees correctly point out that dicta comprising footnote three to *Weemhoff, supra,* at page 234, is germane to the issue presently before us, since it provides as follows:

"We do not, however, consider the individual premiums as creating two separate policies which would allow appellants to stack coverages. See, *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566."

"other owned vehicle" exclusion presently before us. Both provisions are an attempted means to avoid the statutory obligation of providing uninsured motorist coverage, and as such both are contrary to the policy behind the enactment of R. C. 3937.18.

The unambiguous and mandatory language of R. C. 3937.18(A) dictates that "*[n]o automobile * * * policy * * * be delivered * * * unless * * * coverage for bodily injury or death is provided therein * * * for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *.*" (Emphasis added.) Clearly, this statute requires that uninsured motorist coverage be provided within *each policy* of automobile liability insurance issued in this state, and the statute contains no suggestion that relief from this obligation is to be implied where an insured owns more than one vehicle and has occasion to purchase separate policies of insurance thereon. It would certainly be anomalous for this court to allow the insured in *Curran* to stack his uninsured motorist coverage with that of a third person, but under the present circumstances to refuse to allow the insured to aggregate the limits on two policies which he himself has purchased.

We note that after interpreting similar exclusionary clauses in cases involving closely analogous circumstances several state appellate courts have arrived at the same conclusion reached by this court above. *Boettner* v. *State Farm Mutual Ins. Co.* (1972), 388 Mich. 482, 201 N. W. 2d 795; *Beek* v. *Ohio Cas. Ins. Co.* (1977), 73 N. J. 185, 373 A. 2d 654; *State Farm Mutual Auto. Ins. Co.* v. *Harper* (1972), 125 Ga. App. 696, 188 S. E. 2d 813; *Crenwelge* v. *State Farm Mutual Auto. Ins. Co.* (La. Ct. App. 1973), 277 So. 2d 155. Accord *Southern Farm Bureau Cas. Ins. Co.* v. *Roberts* (Miss. 1975), 323 So. 2d 536.

It is our decision that appellees herein may stack all uninsured motorist coverages for which they have paid a separate premium in a separate policy of insurance. The concluding admonition found in *Curran, supra* (25 Ohio

St. 2d 33), at page 39, bears repetition here: " '[W]e do not wish to imply that injured parties may be permitted to pyramid separate coverages so as to recover more than the actual loss.' "

The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.