PRUDENTIAL INSURANCE CO. *v.*
MARSHALL ET AL.

. (No. 32861—Decided May 25, 1982.)

Court of Common Pleas of
Cuyahoga County.

*Messrs. McNeal, Shick & Archibald*
and *Mr. Steven Handlovics,* for plaintiff.
*Messrs. Duda, Elk & Wohl* and *Mr.
William Wohl,* for defendants.

O'DONNELL, J. On July 12, 1975,
defendant Ida Marshall purchased a
policy of automobile insurance from the
Prudential Property and Casualty In-
surance Company on her 1975 Chevrolet
Caprice vehicle. At that time, the policy
provided that the limits of coverage for
bodily injury liability were $100,000 for
each person and $300,000 for each occur-
rence, and the limits for protection
against uninsured motorists were $15,000
for each person and $30,000 for each acci-
dent. The policy, as written, was renewed
at six-month intervals, on January 12,
1976, July 12, 1976, January 12, 1977,
and July 12, 1977. Thereafter, on or about
September 14, 1977, an accident occurred
and the insured, Ida Marshall, made claim
against Prudential in excess of the
$15,000/$30,000 stated limit pursuant to
the uninsured motorists section of her
renewed insurance policy. Subsequently,
Ida and Ernest Marshall filed a demand
for arbitration with the American Ar-
bitration Association.

This action for declaratory judgment
was thereafter commenced by Prudential
against Ida and Ernest Marshall seeking a
determination by this court as to the
limits of coverage provided through the
uninsured motorists section of the policy,
since Prudential alleges coverage limits of
$15,000 and $30,000. Additionally, the
complaint requested the American Ar-
bitration Association be enjoined from
proceeding until this court could review
the matter and issue its decision.

The controversy as to the amount of
available coverage arises from an amend-
ment to R.C. 3937.18. That change was
made effective November 26, 1975, and
provides in subsection (A) thereof:

"No automobile liability or motor
vehicle liability policy of insurance insur-
ing against loss resulting from liability im-
posed by law for bodily injury or death
suffered by any person arising out of the
ownership, maintenance, or use of a
motor vehicle shall be delivered or issued
for delivery in this state with respect to
any motor vehicle registered or principal-
ly garaged in this state unless AN
EQUIVALENT AMOUNT OF coverage
FOR BODILY INJURY OR DEATH is
provided therein or supplemental thereto
under provisions approved by the
superintendent of insurance, for the pro-
tection of persons insured thereunder
who are legally entitled to recover
damages from owners or operators of
uninsured motor vehicles because of
bodily injury, sickness, or disease, in-
cluding death, resulting therefrom. THE
named insured shall have the right
to reject such coverage. OR YOU MAY
REQUIRE THE ISSUANCE OF COV-
ERAGE FOR BODILY INJURY OR

DEATH IN ACCORDANCE WITH A SCHEDULE OF OPTIONAL LESSER AMOUNTS APPROVED BY THE SUPERINTENDENT, THAT SHALL BE NO LESS THAN THE LIMITS SET FORTH IN SECTION 4509.20 OF THE REVISED CODE FOR BODILY INJURY OR DEATH. UNLESS the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." (Added language in large capitals.)

In the case at bar, plaintiff Prudential filed its motion for summary judgment on February 25, 1982, and defendants Ida and Ernest Marshall filed their motion for summary judgment on March 24, 1982. Each party, therefore, alleges there are no genuine issues as to any material facts as per the test of Civ. R. 56. The question for decision is which party is entitled to judgment as a matter of law.

The facts are clear that Ida Marshall did not sign any rejection of uninsured motorists coverage. She did pay premiums as they became due when presented bills by Prudential. The issue is, therefore, whether R.C. 3937.18 increased her uninsured motorists coverage limits to $100,000/$300,000 by operation of law.

Prudential takes the position that the policy issued to Ida Marshall contained liability limits of $100,000/$300,000 and uninsured motorists limits of $15,000/$30,000. While acknowledging that the legislature amended R.C. 3937.18 to provide that no automobile liability policy of insurance shall be delivered unless an equivalent amount of coverage for bodily injury is provided therein for the protection of persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, Prudential argues that the statute provides the named insured shall have the right to reject such uninsured motorist coverage. Because R.C. 3937.18 does not provide for written rejection, Prudential submits the wishes of Ida Marshall were transmitted to the company by her acceptance of the $15,000/$30,000 limits of uninsured motorists coverage. No notices advising of increased coverage or her right to reject coverage were sent to Ida Marshall following the statutory amendment to R.C. 3937.18 and before the date of the accident. Several were sent following the accident.

The matter appears to be a case of first impression in Ohio.

In *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161 [51 O.O.2d 229], Justice J. J. P. Corrigan authored the opinion for the court which considered a similar kind of problem with this statute. There, the issue was whether the coverage was to be afforded the insured. Justice Corrigan wrote at 163:

"The language of the statute makes the uninsured motorist coverage imperative in that it requires the insurer, as a condition to the issuance of a policy, to provide that coverage in the policy. * * * We therefore conclude that unless the insured *expressly rejects* such protection, the uninsured motorist coverage is provided for him by operation of law." (Emphasis added.)

In concluding the opinion, at 165, the following is found:

"Under the mandatory provision of R.C. 3937.18, uninsured motorist coverage was a part of that contract of insurance, the named insured not having *expressly rejected* such coverage." (Emphasis added.)

Further, in *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58 [8 O.O.3d 70], paragraph one of the syllabus reads as follows:

"1. R.C. 3937.18 requires that every automobile liability insurance policy issued in this state provide uninsured motorist protection, and such coverage can be eliminated from a policy of in-

16

surance *only by the insured's express rejection* thereof." (Emphasis added.)

Finally, in *Ady* v. *West American Ins. Co.* (1981), 69 Ohio St. 2d 593, at 597 [23 O.O.3d 495], the following is contained.

"* * * Therefore, an insurance company has the burden of showing that any rejection was knowingly made by the customer. A customer has the option of rejecting coverage. However, to make a rational decision to reject coverage, a customer has to be aware of a contractual provision, understand its terms and agree to it. Thus, any rejection or exclusion should be conspicuous so that a customer is aware of its existence. * * *"

While there are no applicable Ohio cases involving different limits for liability and uninsured motorists coverages, the court believes that the above-cited cases are instructive on the issue of rejection of coverage by an insured, and are dispositive of this case. Clearly, there was no express rejection of the equivalent uninsured motorists limits by Ida Marshall, and therefore, according to Ohio law, the insured did not reject the higher limits of uninsured motorists coverage by paying her insurance premiums.

As the Ohio Supreme Court concluded in *Abate, supra,* so this court concludes that absent the express rejection of the higher limits of uninsured motorists coverage, such higher limits will be and are provided by operation of law. As there is no such rejection in this case, the court finds that by operation of law, the uninsured motorists limits were raised to $100,000 for each person and $300,000 for each accident, and such coverage was in effect on September 14, 1977.

Accordingly, plaintiff's motion for summary judgment is overruled; defendants' motion for same is granted.

*Judgment accordingly.*