POOTS ET AL., APPELLEES, *v.*
MOTORIST INSURANCE COMPANIES,
APPELLANT.

(No. 12634—Decided
December 10, 1986.)

*Michael J. DelMedico,* for appellees.

*Orville L. Reed III,* for appellant.

QUILLIN, J. This uninsured motorist insurance case presents two questions. Who has the burden of proof to prove an express rejection of uninsured motorist coverage? Does a written application for insurance which provides less uninsured motorist coverage than liability coverage constitute, without more, an express rejection of uninsured motorist coverage equivalent to liability coverage? The trial court held that the insurer has the burden of proof and that such an application does not constitute an express rejection. We affirm.

A declaratory judgment action was brought by and on behalf of Debra and Richard Poots and their son, Richard Poots. Debra and young Richard were injured by an uninsured motorist. At the time they had uninsured motorist coverage under two policies issued by Motorist Insurance Companies. The first was issued to the elder Richard Poots; the second was issued to Lawrence Poots, who is the father of the elder Richard Poots. Each policy had liability limits of $25,000/$50,000 but uninsured motorist limits of only $12,500/$25,000.

The facts are not in dispute. Lawrence's policy was applied for and issued first. Richard's policy was applied for and issued later. Richard asked for coverage like his father's. At no time was there any discussion between an insured and an insurance agent about the fact that the company was required to offer uninsured motorist limits equal to liability limits or that the policies in fact provided lesser uninsured motorist coverage. The insureds did, however, each sign an application for insurance which provided for the unequal coverage.

Assignment of Error II

"The trial court erred by declaring that the plaintiffs were entitled to uninsured motorist limits greater than that which they requested, applied for, and for which they paid a premium."

R.C. 3937.18 provides in relevant part:

"(A) No automobile liability or

motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *[.]

" * * *

"(C) The named insured may only reject or accept both coverages offered under division (A) of this section. * * * Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer. * * *"

The Ohio Supreme Court has ruled that in order to provide less uninsured motorist coverage than liability coverage in an automobile liability insurance policy, there must be an express rejection of such equivalent coverage by the insured. Equivalent amounts of liability and uninsured motorist coverage are provided by operation of law if the insured does not expressly reject them. *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58, 8 O.O. 3d 70, 374 N.E. 2d 1258; *Abate* v. *Pioneer Mut. Cas. Co.* (1970), 22 Ohio St. 2d 161, 51 O.O. 2d 229, 258 N.E. 2d 429.

It has been held, and we would not disagree, that a separately signed provision in the insurance contract rejecting equivalent amounts of uninsured motorist coverage and liability coverage qualifies as an express rejection. *Brady* v. *Universal Underwriters* (1973), 37 Ohio App. 2d 107, 66 O.O. 2d 198, 307 N.E. 2d 548; *Jackson* v. *West American Ins. Co.* (May 30, 1986), Lucas App. No. L-85-256, unreported; *Prudential Ins. Co.* v. *Marshall* (1982), 1 Ohio Misc. 2d 14, 1 OBR 337, 24 O.O. 3d 397, 440 N.E. 2d 71. There are no separately signed provisions rejecting equivalent amounts of uninsured motorist coverage and liability coverage in this case. Nor has Motorist otherwise established that Lawrence Poots or Richard Poots expressly rejected such coverage.

Motorist argues that a written application for coverage in unequal amounts is, in and of itself, an express rejection of equal coverage. This logic is strained. At best it could be an implied rejection, but certainly not an express rejection.

The assignment of error is overruled.

### Assignment of Error I

"The trial court erred as a matter of law by holding that it was the defendant-insurer's burden to prove that the plaintiffs had expressly rejected uninsured motorist limits equivalent to their liability limits."

We agree with Chief Justice Celebrezze that the insurance company has the burden of showing that the customer rejected uninsured motorist coverage. *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593, 23 O.O. 3d 495, 433 N.E. 2d 547. Generally, the burden of proof is upon the party who would fail in the absence of proof. *Price* v. *Taylor* (App. 1932), 12 Ohio Law Abs. 621, 624. It is also said that the burden of proof as to any particular fact lies on the person who wishes the court to believe in its existence. *Chapman* v. *Knickerbocker Amusement Co.* (1949), 85 Ohio App. 215, 217, 40 O.O. 155, 156-157, 84 N.E. 2d 283, 285.

In the absence of an express rejection of equivalent amounts of cover-

age, uninsured motorist insurance is provided the insured in an amount equivalent to the insured's liability coverage by operation of law. *Grange, supra; Abate, supra.* If Motorist did not go forward in presenting evidence tending to establish an express rejection of such equivalent amounts of coverage, the trial court would have had no choice but to declare that both policies included such coverage by operation of law. Thus, the trial court correctly ruled that Motorist had the burden of proof.

Motorist's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., concurs.

BAIRD, J., dissents.

BAIRD, J., dissenting. While it is true that both *Abate, supra,* and *Volkmann, supra,* hold that uninsured motorist protection can be eliminated from a policy only by the insured's express rejection of such provision, the case at bar does not involve the elimination of such coverage from the policy. It does involve the providing of such coverage, albeit in lesser amounts than the liability coverage. R.C. 3937.18(C) provides:

" * * * The named insured may require the issuance of such coverages for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendant * * *."

This language, which was not incorporated in the statute until after the decisions in both *Abate, supra,* and *Volkmann, supra,* would appear to authorize a specific request for coverage in a lesser amount, while doing no violence to the principle that the total

elimination of coverage can only be accomplished upon express rejection of the protection.

For this reason, and since I do not agree that there is anything so unusual about the subject matter of this case as to require the abandonment of traditional concepts as to burden of proof, I would sustain both assignments of error.