OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Scelza et al., Appellants, v. Employers Mutual Liability Insurance, d.b.a. Employers Insurance of Wausau, Appellee.
[Cite as Scelza v. Employers Mut. Liab. Ins. (1993),      Ohio St.3d     .]
Appeal dismissed as improvidently allowed.
     (No. 92-2213 -- Submitted November 10, 1993 -- Decided January 5, 1994.)
     Appeal from the Court of Appeals for Summit County, No. 15451.

     Scanlon & Gearinger Co., L.P.A., and Timothy F. Scanlon, for appellants.
     Reminger & Reminger Co., L.P.A., Mario C. Ciano and Nicholas D. Satullo, for appellee.

     The appeal is dismissed, sua sponte, as having been improvidently allowed.
     Moyer, C.J., A.W. Sweeney, Douglas, Wright and Pfeifer, JJ., concur.
     Resnick and F.E. Sweeney, JJ., dissent.
     Douglas, J., concurring.     While I agree with the intent and the thrust of the dissent herein, of Justice Francis E. Sweeney, Sr., I do not agree that the statute was, in this particular case, violated. The purpose of the statute, in my judgment, is to require insurance companies to offer and provide uninsured/underinsured motorist coverage to a purchaser of insurance unless that coverage is specifically rejected by the purchaser. In the case now before us, specific rejection did take place -- admittedly after the delivery of the policy but also before the date of the accident.
     In Grange Mut. Cas. Co. v. Volkmann (1978), 54 Ohio St.2d 58, 8 O.O.3d 70, 374 N.E.2d 1258, paragraph one of the syllabus, this court held: "R.C. 3937.18 requires that every automobile liability insurance policy issued in this state provide uninsured motorist protection, and such coverage can be eliminated from a policy of insurance only by the insured's express rejection thereof." (Emphasis added.) The word "eliminate" means to "* * * remove * * *: eradicate * * *."

Webster's Third New International Dictionary (1986) 736.

In this case, a binder was issued by the insurer effective July 1, 1987. A policy of insurance, based upon the binder and, admittedly, providing an amount of uninsured coverage less than the amount of the liability coverage, was then issued on September 17, 1987. On November 17, 1987, the policy holder signed a form which specifically rejected uninsured/underinsured motorist coverage. On January 18, 1988, and pursuant to the November 17, 1987 rejection, an endorsement to the policy was issued which endorsement deleted (removed, eliminated, eradicated) the minimal amount of uninsured coverage ($25,000) that had been provided in the binder and in the original policy.

On February 1, 1988, appellant was injured in an automobile accident. Obviously, February 1, 1988 came after November 17, 1987 and January 18, 1988, the dates when, in accordance with the language in Grange, the uninsured coverage was "* * * eliminated from [the] policy of insurance * * * by the insured's express rejection thereof." Thus, the purpose of the statute -- offer and rejection -- was satisfied before the date of the accident and, accordingly, it is on this basis only that I concur.

Francis E. Sweeney, Sr., J., dissenting. The issue before the court in the present case is whether an insured effectively rejects underinsured/uninsured motorist coverage where the insurance policy does not offer the statutorily required amount of coverage under R.C. 3937.18. I believe that since the insurance policy failed to offer the statutorily mandated amount of underinsured/uninsured motorist coverage, the insured cannot be said to have expressly rejected this coverage and is entitled to such coverage by operation of law. Accordingly, I would reverse and remand the judgment of the court of appeals which found that, even though the insurer failed to offer the required amount of coverage, the rejection of the underinsured/uninsured motorist coverage offered was sufficient compliance with R.C. 3937.18.

R.C. 3937.18 makes mandatory the offering of uninsured/ underinsured motorist coverage in an amount equivalent to the liability coverage. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 163, 51 O.O.2d 229, 230, 258 N.E.2d 429, 431. The statute makes the uninsured motorist coverage imperative in that it requires the insurer, as a condition to the issuance of a policy, to provide that coverage in the policy. Id. Such coverage can be eliminated from a policy of insurance only by the insured's express rejection thereof. Id.; Grange Mut. Cas. Co. v. Volkmann (1978), 54 Ohio St.2d 58, 8 O.O.3d 70, 374 N.E.2d 1258, paragraph one of the syllabus; R.C. 3937.18(C). In the absence of an express rejection of the statutorily mandated offer, the named insured is automatically entitled to uninsured motorist coverage by operation of law at amounts equivalent to the limits of the liability coverage. Abate, supra.

Further, the insurer bears the burden of demonstrating that the insured made a knowing rejection of the coverage. Ady v. W. Am. Ins. Co. (1982), 69 Ohio St.2d 593, 597, 23 O.O.3d 495, 498, 433 N.E.2d 547, 550. In order to make a rational decision to reject coverage, an insured has to be aware of the

provision, understand its terms, and agree to it.  Id.

In the present case, Employers Insurance of Wausau ("Wausau") failed in its requirement that it offer the statutorily mandated amount of coverage.  The policy offered two million dollars in liability coverage, but only twenty-five thousand dollars in underinsured/uninsured motorist coverage. Thus, while the insured signed a form rejecting underinsured/ uninsured motorist coverage, this action was clearly not a rejection of the statutorily mandated amount of coverage, as Wausau failed to make the statutorily mandated offer of coverage or to communicate what such coverage would have cost to the insured.  Thus, the insured could not make a rational decision to accept or reject the coverage nor could the insured understand the terms of such coverage.  One cannot reject what was not offered.

The court of appeals' decision allows the insurer to benefit from its noncompliance with the mandate of R.C. 3937.18 by finding that the insured's rejection of the inadequate twenty-five thousand dollar offer of underinsured/uninsured motorist coverage constituted sufficient compliance with R.C. 3937.18.  To allow a whittling away of the offer requirement of R.C. 3937.18 frustrates the obvious legislative purposes of the statute to provide insureds with the opportunity to determine the necessity of obtaining underinsured/uninsured motorist coverage equivalent to the liability coverage and to allow the insured to knowingly decide whether to accept or reject that coverage.

Thus, the issue here should not be whether the insured would have rejected the statutorily mandated amount of coverage, but whether this coverage was offered to begin with. The offer is a condition precedent to the insured's rejection of the coverage.  Here, it is undisputed that no offer of the statutorily mandated amount of underinsured/uninsured motorist coverage was made.

Where a policy is issued without underinsured/uninsured coverage equivalent to the amount of liability coverage pursuant to R.C. 3937.18, courts in Ohio have held that such coverage is in effect by operation of law.  Abate, supra; Atwood v. Internatl. Ins. Co. (Dec. 10, 1991), Franklin App. No. 91AP-521, unreported; Cochran v. Liberty Mut. Ins. Co. (Mar. 30, 1989), Columbiana App. No. 87-C-49, unreported. Accordingly, I would find that Wausau provided the statutorily mandated amount of coverage by operation of law, since there was no express rejection of said coverage and no offer of the coverage was ever made as is required under R.C. 3937.18.

Resnick, J., concurs in the foregoing dissenting opinion.