**ANDERSON et al., Appellees,**

**v.**

**HARTFORD UNDERWRITERS INSURANCE COMPANY, Appellant.**

[Cite as *Anderson v. Hartford Underwriters Ins. Co.* (1994), 96 Ohio App.3d 341.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66018.

Decided Aug. 8, 1994.

*Wincek & DeRosa Co., L.P.A.,* and *Joseph DeRosa,* for appellees.

*Martindale & Brzytwa, John E. Martindale* and *Kevin H. Young, Benesch, Friedlander, Coplan & Aronoff* and *Daniel F. Petticord,* for appellant.

DAVID T. MATIA, Presiding Judge.

Hartford Underwriters Insurance Company ("Hartford"), defendant-appellant, appeals the decision of the Cuyahoga County Court of Common Pleas which determined Ernestine Anderson and Diane Winston, plaintiff-appellees, were entitled to uninsured motorist coverage of $100,000 per person and $300,000 per occurrence for an automobile accident which took the life of their mother, Lucretia Anderson. Hartford, appellant, assigns two errors for review. This court, finding no error, affirms the judgment of the trial court.

On August 17, 1990, Lucretia Anderson was fatally injured in an automobile accident by an uninsured motorist. At the time of the accident, the deceased was insured through Hartford, appellant. The deceased maintained uninsured motorist coverage.

Ernestine Anderson, appellee, acting as administrator of the estate of Lucretia Anderson, presented the following claims to Hartford pursuant to the uninsured

motorist coverage of the policy: (1) a survivorship claim for pain and suffering experienced by Lucretia Anderson from the time of her injury to the time of her death, (2) a wrongful death claim on behalf of Ernestine Anderson, as daughter of Lucretia Anderson, and (3) a wrongful death claim on behalf of Diane Winston, as daughter of Lucretia Anderson. Appellant paid $55,000 for what it believed appellees were entitled to under the policy (per person liability plus medical payments).

On October 4, 1991, Ernestine Anderson filed a declaratory judgment action in Cuyahoga County Court of Common Pleas seeking a declaration of the limits available under the insurance policy. Specifically, she argued the uninsured motorist portion of the insurance policy should be construed to provide coverage limits of $100,000 per person and $300,000 per occurrence. Although the deceased originally maintained equivalent coverage for bodily injury liability and uninsured motorist coverage in the amount of $50,000 per person and $100,000 per occurrence, she increased her policy on December 4, 1987 in accordance with her lease agreement to $100,000 per person and $300,000 per occurrence for bodily injury liability. Since there was no express rejection of an increase in the uninsured motorist coverage to an equivalent amount, the increase in uninsured motorist coverage must be provided by law.

Hartford claimed the uninsured motorist coverage was $50,000 per person and $100,000 per occurrence. Appellant argues specifically that the deceased later renewed her insurance policy on two separate occasions. The premiums paid reflected $100,000 per person/$300,000 per occurrence for liability and $50,000 per person/$100,000 per occurrence for uninsured motorist coverage. The cost of these premiums was less than if uninsured motorist coverage had been the equivalent to liability for bodily injury. Appellant argues that since an insured may elect a lesser amount of uninsured motorist coverage, the deceased's payment of the premiums constitutes an express rejection of maximum uninsured motorist coverage.

The parties entered into stipulations of fact which were filed with the court on March 5, 1993. The amount of uninsured motorist coverage remained the only dispute. Hartford filed a motion for summary judgment on April 14, 1993. Ernestine Anderson and Diane Winston filed their motion for summary judgment on April 28, 1993. On July 16, 1993, the trial court granted appellees' motion after determining they were entitled to coverage of $100,000 per person and $300,000 per occurrence. For the three claims, the trial court awarded $300,000 minus the $50,000 previously paid. On August 16, 1993, Hartford timely filed this appeal.

Hartford, in its first assignment of error, states:

"The trial court erred in holding that the limits of liability on Lucretia Anderson's uninsured motorist coverage was $100,000 per person and $300,00 [*sic*] per occurrence since Anderson made an express selection of coverage in lesser amounts."

Issue raised: Whether the insured expressly and knowingly rejected equivalent limits of bodily injury liability and uninsured motorist coverage.

Hartford argues the insurance policy at issue provides uninsured motorist coverage in the amount of $50,000 per person and $100,000 per occurrence. Specifically, appellant argues that after the deceased increased her liability for bodily injury coverage, she renewed her insurance policy twice before the fatal accident. Since the renewed policy maintained her uninsured motorist coverage at $50,000 per person and $100,000 per occurrence, her renewal amounts to an express rejection of the otherwise statutorily imposed requirement that uninsured motorist coverage be the equivalent to bodily injury coverage. See R.C. 3937.18.

The provision governing uninsured motorist coverage applicable to this case is R.C. 3937.18, which states in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in the amount of coverage equivalent to the automobile liability or motor vehicle liability * * *.

" * * *

"(C) The named insured may only reject or accept both coverages offered under division (A) of this section. * * * Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer."

 The Ohio Supreme Court interpreted R.C. 3937.18 to mean that in order to provide less uninsured motorist coverage than liability coverage, there must be an express rejection of such equivalent coverage by the insured. Equivalent amounts of liability and uninsured motorist coverage are provided by operation of law if the insured does not expressly reject them. *Grange Mut. Cas. Co. v. Volkmann* (1978), 54 Ohio St.2d 58, 8 O.O.3d 70, 374 N.E.2d 1258. Moreover, the insurer has the burden of proving that the customer rejected

uninsured motorist coverage in an amount equivalent to his liability coverage. *Poots v. Motorist Ins. Cos.* (1986), 38 Ohio App.3d 48, 526 N.E.2d 71.

■ The insurer's burden is generally met by showing that the customer signed a separate provision rejecting equivalent amounts of uninsured motorist coverage, that the language of the provision was clear and conspicuous, and that the signature was not the result of restraint, disability or misunderstanding. *Brady v. Universal Underwriters* (1973), 37 Ohio App.2d 107, 66 O.O.2d 198, 307 N.E.2d 548.

However, an express rejection may also be made orally. A number of courts have held that an express rejection, whether it be for uninsured or underinsured motorist coverage, need not be in writing. See *Stroud v. Cincinnati Ins. Co.* (Mar. 25, 1992), Hamilton App. Nos. C–91–0325 and C–91–0329, unreported, 1992 WL 63296; *Kelly v. Natl. Union Fire Ins.* (Mar. 28, 1990), Wayne App. No. 2511, unreported, 1990 WL 34840. Significantly, in all of these cases, extrinsic evidence was submitted demonstrating the insured had expressly rejected equivalent uninsured motorist coverage.

■ Thus, from a review of the relevant case law, an express rejection can be made orally or in writing providing the facts surrounding the communication and/or written instrument sufficiently and reliably demonstrate the insured made an intentional express rejection.

■ In the case *sub judice,* it is unknown whether the deceased requested the increase in bodily injury liability over the telephone or through a written instrument. Appellant has failed to provide any documentation establishing the deceased made an express rejection of equivalent uninsured motorist coverage. Additionally, the testimony of Donald P. Roinstad, an employee of appellant, established it was the appellant's policy that when an insured increased his or her liability coverage, it would not increase the uninsured motorist coverage absent specific authorization by the insured. This policy runs contrary to the intent of R.C. 3937.18.

As stated, appellant has not provided any written documentation of an express rejection by the deceased. The only evidence presented by appellant to establish the express rejection is the fact that the deceased later renewed her insurance policy with $100,000 per person/$300,000 per occurrence bodily injury and $50,000 per person/$100,000 per occurrence in uninsured motorist coverage. Standing alone, this is insufficient to establish an express rejection. At best, it establishes an implied rejection of equivalent uninsured motorist coverage.

Hartford's first assignment of error is not well taken.

Hartford's second assignment of error states:

"The trial court erred in holding that appellee's [*sic* ] several claims arising out of Lucretia Anderson's bodily injury were not subject to the per person limit of liability."

Issue raised: Whether both claims for wrongful death should be limited under the per person limitation set forth in the policy.

Hartford argues the trial court erred in holding appellees' claims could not be consolidated pursuant to the per person limitation set forth in the contract. Specifically, appellant argues the policy of the uninsured motorist statute is to place the insured in the same position he or she would have been if the tortfeasor had possessed liability insurance. Failure to recognize the insurance company's clearly defined limitation on uninsured motorist liability will lead to the "absurd" result that in some cases an injured party will receive more by being injured by an uninsured motorist than by one who has liability insurance.

Hartford's second assignment of error is not well taken.

Section 19a, Article I of the Ohio Constitution provides "[t]he amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." Accordingly, the Ohio State Supreme Court, in *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, has held that an uninsured motorist policy could not consolidate all wrongful death claims of those presumed to have suffered damages under R.C. 2125.02 and subject them to a single per person limit in that policy.

On October 1, 1993, the Supreme Court reaffirmed this holding by stating, in pertinent part, in paragraph one of the syllabus of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809:

"Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits, subject to any per accident limits; liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one 'each person' policy limit are unenforceable."

While we recognize the ongoing debate concerning the holding of *Savoie*, it remains controlling. Thus, each insured presumed to have been damaged within the scope of R.C. 2125.02 may collect within the limits of the tortfeasor's per person liability coverage. Regardless of the number of insureds, the total amount collected by the insureds may not exceed the tortfeasor's per accident liability coverage.

It is not in dispute that both appellees are insured within the meaning of the insurance policy. Furthermore, it is well established that appellees presented the following three claims to appellant, pursuant to the uninsured motorist coverage

of the policy: (1) a survivorship claim for pain and suffering experienced by the Lucretia Anderson from the time of her injury to the time of her death, (2) a wrongful death claim on behalf of Ernestine Anderson as daughter of Lucretia Anderson, and (3) a wrongful death claim on behalf of Diane Winston as daughter of Lucretia Anderson.

The survivorship claim is separate and distinct from an action for wrongful death. See *Dickerson v. Thompson* (Aug. 26, 1993), 89 Ohio App.3d 399, 624 N.E.2d 784. Pursuant to the terms of the policy, recovery for a survivorship claim may not exceed the $100,000.

Based on the syllabus of *Savoie, supra,* and the language of the insurance policy, we find the trial court did not err in awarding each insured an amount not exceeding the per person liability coverage, *i.e.,* $100,000 each, as well as $100,000 for the survivorship claim. Hartford's second assignment of error is not well taken.

*Judgment affirmed.*

DYKE and WEAVER, JJ., concur.